```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

REYNALDO LOBAINA-SALGUEIRO,        :

     Petitioner,                   :
                                         CIVIL ACTION 12-0364-CG-M
v.                                 :
                                       CRIMINAL ACTION 10-00123-CG-M
UNITED STATES OF AMERICA,          :

     Respondent.                   :
```

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 52) and Respondent's Motion to Dismiss (Doc. 54). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 54) be granted, Petitioner's Motion to Vacate (Doc. 52) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Reynaldo Lobaina-Salgueiro. It is further recommended that, if Petitioner files a certificate of appealability, then it be

1

denied as he is not entitled to appeal *in forma pauperis*.

Lobaina-Salgueiro was indicted on May 27, 2010 for conspiracy to possess cocaine with the intent to distribute it in violation of 21 U.S.C. § 846 (count one); interstate transportation in aid of racketeering in violation of 18 U.S.C. § 1952 (counts two and three); and conducting an unlicensed money transmitting business in violation of 18 U.S.C. § 1960 (count four) (Doc. 8).  On July 19, a Plea Agreement (hereinafter *Agreement*) was filed with the Court in which Petitioner pled guilty to counts two, three, and four of the indictment (Doc. 23).  In the Agreement, Lobaina-Salgueiro stated that he had freely and voluntarily entered into it with the advice of counsel (Doc. 8, ¶¶ 6, 10).  On July 26, United States District Court Judge Granade accepted the plea and found Petitioner guilty (Doc. 28).  On October 26, Judge Granade sentenced Petitioner to sixty months each on counts two and three, to be served concurrently, and eleven months on count four, to be served consecutively to counts two and three, for a total of seventy-one months on the convictions as well as three years of supervised release on each count, to be served concurrently, following his release from prison, and an assessment of three hundred dollars (Doc. 43).  No appeal was filed in this action (see Doc. 52, p. 3, ¶ 8).

On April 6, 2012,[1] Petitioner filed a Rule 33 Motion (Doc. 46) that was construed by Judge Granade to be a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 47).  Pursuant to this Court's Order (Doc. 51), Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on this Court's form in which he raised three claims of ineffective assistance of counsel[2] (Doc. 52).  Respondent filed a Motion to Dismiss that asserted that this action comes too late (Doc. 54); though given the opportunity to do so (*see* Doc. 55), Lobaina-Salgueiro has not replied to Respondent's Motion to Dismiss.

Respondent has answered Petitioner's Motion by arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 54, pp. 2-3).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255.  The specific provisions state as follows:

---

[1] Under the "mailbox rule," the date a prisoner delivers a § 2255 petition to prison authorities is deemed to be the date it was filed with the court.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Though Lobaina-Salgueiro did not date his Motion, an attached affidavit is notarized for April 6, 2012.  The Court finds that the Motion was delivered to prison authorities no earlier than this date.

[2] Petitioner also raised several hypothetical questions as to what the Court would do given specified circumstances (Doc. 52, p. 7).

3

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Since he did not file an appeal, Lobaina-Salgueiro's conviction became final on November 9, 2010, fourteen days after the entry of judgment. Fed.R.App.P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after [] the entry of either the judgment or the order being appealed"). That means that on November 10, 2010, the AEDPA limitations clock began to run and

4

that Petitioner's § 2255 petition should have been filed no later than November 9, 2011. Lobaina-Salgueiro's Motion to Vacate was filed on April 6, 2012 (Doc. 91), five months too late.[3]

However, under *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), *cert. denied*, 531 U.S. 971 (2000), "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." In his Motion, Petitioner asserts that he lacked legal knowledge to file the action in a timely fashion; he has also asserted that it was the ineffectiveness of his counsel that caused his tardiness (Doc. 52, p. 12).

The Court finds no merit in Petitioner's assertions. His own lack of knowledge about deadlines is not a sufficient excuse for the delay. Also, Lobaina-Salgueiro has not demonstrated that his attorney did anything to prevent him from filing this action in a timely fashion. More to the point, though, only Petitioner can be held responsible for the late filing of this action as there is no constitutional right to counsel on collateral review. *Pennsylvania v. Finley*, 481 U.S. 551, 555

---

[3]The Court considers this motion to have been filed on April 6, 2012, the date he filed his Rule 33 motion.

(1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions").  The Court finds that Lobaina-Salgueiro has not demonstrated any extraordinary circumstances leading to the late filing of this action.  Furthermore, he has not been diligent in the filing of this action as it comes more than five months too late.  The Court finds that Petitioner has not demonstrated any basis for finding that he has equitably tolled the statute.

Lobaina-Salgueiro has brought this action to assert claims that his attorney rendered ineffective assistance.  However, the Court will not address those claims as this action is time-barred under AEDPA.  Therefore, it is recommended that Respondent's Motion to Dismiss be granted, that this petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Reynaldo Lobaina-Salgueiro.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district

6

court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Lobaina-Salgueiro did not file this action in a timely fashion under AEDPA, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further.  *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's Motion to Vacate, Set

7

Aside, or Correct Sentence under 28 U.S.C. § 2255 be denied.  It is further recommended that, if Petitioner files a certificate of appealability, then it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.**Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief

8

>in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.**Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 1st day of October, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE